UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Laura Peters,

   Plaintiff

 v.

York Risk Services Group, Inc., et al.,

   Defendants

Case No. 2:23-cv-01159-CDS-NJK

**Order Granting Motions to Dismiss**

[ECF Nos. 6, 8]

  This is a contract action brought by plaintiff Laura Peters. Before the court is defendant York Risk Services Group, Inc.'s motion to dismiss (ECF No. 6), and defendant Steadfast Insurance Company's motion to dismiss (ECF No. 8). Peters opposes both motions. ECF Nos. 13 (York); 14 (Steadfast). The motions are fully briefed. ECF Nos. 16 (York); 17 (Steadfast). For the reasons stated herein, I grant defendants' motions to dismiss, without prejudice and with leave to amend.

**I. Procedural History**

  On June 13, 2023, Peters filed her complaint in the Eighth Judicial District Court in the State of Nevada. Compl., ECF No. 1-1. Peters asserts causes of action against defendants York Risk Services Group, Inc.; Geico General Insurance Company, Marsh Risk & Insurance Services, Inc.; Steadfast Insurance Company; Does I through XX, inclusive; and Roe Business Entities I through XX, inclusive[1] for: (1) breach of contract (*id.* at ¶¶ 29–38); (2) breach of the covenant of good faith and fair dealing (*id.* at ¶¶ 39–49); and (3) violation of the Unfair Claims Practices Act (*id.* at ¶¶ 50–60). Defendants both moved to dismiss the complaint.[2] ECF Nos. 6, 8.

---

[1] Marsh Risk & Insurance Services, Inc. and Geico General Insurance Company are now dismissed from this action. ECF Nos. 20, 21.

[2] Steadfast's motion was untimely as it was submitted after the July 31, 2023 deadline.

## II. Background

On or about June 16, 2017, Peters was driving northbound on Interstate 15 in Clark County, Nevada. Compl., ECF No. 1-1 at ¶ 8. Without notice, a semi-truck owned by Swift Transportation Company of Arizona, LLC invaded Peters' lane, causing a severe collision with Peters' vehicle at a high rate of speed. *Id.* at ¶ 9. At the time of this collision, Peters drove for Lyft. *Id.* at ¶ 10. Lyft maintained an automobile insurance policy with uninsured/underinsured motorist bodily injury coverage limits of $1,500,000 per incident with Marsh Risk & Insurance Services, Inc., and/or Steadfast Insurance Company, and/or Roe Corporation, administered by York Risk Services Group, Inc. *Id.*

Peters alleges that, as an insured driver under the policy, Peters is subject to the benefits of the policy, including the $1,500,000 underinsured/uninsured motorist bodily injury policy and the $25,000/$50,000 underinsured/uninsured motorist bodily injury policy. *Id.* at ¶¶ 11, 13.

Peters further alleges that the policy provided coverage to her for damages suffered as a direct and proximate result of the negligence of operators of uninsured/underinsured motor vehicles. *Id.* at ¶ 14. She alleges that all required premium payments due under said policies were paid and there were binding contracts of insurance in full force providing coverage under each policy for her on June 16, 2017. *Id.* at ¶ 15. As a result of the June 16, 2017 motor vehicle collision, Peters alleges that she suffered severe injuries and damages. *Id.* at ¶ 16.

## II. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Under Rule 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On a motion to dismiss, the court accepts all allegations of material fact as true and construes the pleadings in the light most favorable to the non-movant. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Finally, dismissal can be "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

## III. Discussion[3]

### A. The violation of Unfair Claims Practices Act claim.

York and Steadfast argue that Peters failed to sufficiently plead a cause of action for violation of Unfair Claims Practices Act. ECF No. 6 at 6; ECF No. 8 at 7. York argues that it is not an insurer under the meaning of Nev. Rev. Stat. 686A.310 and thus cannot be held liable for alleged unfair practices proscribed under that statute. ECF No. 6 at 6. Steadfast argues that Peters fails to support her Unfair Claims Practices Act with sufficient factual allegations, instead simply proffering general legal conclusions. ECF No. 8 at 7. Peters did not respond to York or Steadfast's motions regarding her claim for violation of Unfair Claims Practices Act. Under LR 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion … constitutes a consent to the granting of the motion." I thus grant defendants' request to dismiss Peters' Unfair Claims Practices Act claim. Because it is unclear if amendment would be futile, this claim is dismissed without prejudice and with leave to amend.

---

[3] In her opposition to Steadfast's motion, Peters argues that filing the motion after the July 31, 2023 deadline is grounds to deny the motion. ECF No. 14 at 11. Steadfast did not explain why it filed its motion to dismiss late. *See generally* ECF No. 17. In most circumstances, this would be a sufficient reason to deny a motion to dismiss, *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004); however, in the interest of judicial economy, because, here, the complaint makes similar allegations against York and Steadfast, I exercise my discretion to consider the motion. *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017) ("Recognizing the practical wisdom of these district courts, . . . we conclude that, as a reviewing court, we should generally be forgiving of a district court's ruling on the merits of a late-filed Rule 12(b)(6) motion.").

### B. Peters' breach of contract claim.

In Nevada, a plaintiff generally has the burden of pleading and proving that it fulfilled conditions precedent to recover on a breach-of-contract claim. *Clark Ctny. School Dist. v. Richardson Const., Inc.*, 168 P.3d 87, 95 n.21 (Nev. 2007) (citations omitted).

Here, Peters alleges that she is entitled to underinsured or uninsured motorist benefits, and that York and Steadfast failed to pay any benefits under the underinsured/uninsured portion of the subject policies, thereby breaching their contractual duties. Compl., ECF No. 1-1 at ¶ 35. Steadfast argues that this claim should be dismissed because Peters fails to properly allege her entitlement to uninsured/underinsured motorist benefits. ECF No. 8 at 4. I agree.

Peters alleges that she was struck by a semi-truck owned by Swift and that she suffered severe injuries and damage as a result. Compl., ECF No. 1-1 at ¶¶ 9, 16. She further alleges that "[s]aid policies of insurance contained provisions providing coverage to Plaintiff for damages suffered as a direct and proximate result of the negligence of operators of uninsured/underinsured motor vehicles." *Id.* at ¶ 14. However, the complaint fails to allege that Swift was underinsured, uninsured, or that it failed to pay its benefits to entitle her to a claim of underinsured/uninsured motorist coverage. The sole allegation supporting the breach of contract claim is that York and Steadfast failed to pay its benefits. *Id.* at ¶ 25. In other words, Peters failed to plead that she fulfilled the conditions precedent to recover on her breach of contract claim. Because Peters failed to adequately allege her entitlement to underinsured/uninsured motorist coverage, and the same defect applies to York, I sua sponte dismiss the claim against both York and Steadfast without prejudice.[4] Because Peters may be able to cure this claim, I grant leave to amend.

---

[4] A federal court may dismiss a case sua sponte pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief.").

4

      **C.**    **Peters' breach of the implied covenant of good faith and fair dealing claim.**

Steadfast argues that Peters' claim for breach of the implied covenant of good faith and fair dealing should be dismissed because it is identical to the breach of contract claim, does not rise to the level to support an extra-contractual cause of action, and contains no specific allegations of bad faith conduct other than the denial of Peters' claim. ECF No. 8 at 6.

Nevada has "adopt[ed] the rule that allows recovery of consequential damages where there has been a showing of bad faith by the insurer." *U.S. Fidelity & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975). "Where an insurer fails to deal fairly and in good faith with its insured by refusing without proper cause to compensate its insured for a loss covered by the policy[,] such conduct may give rise to a cause of action in tort for breach of an implied covenant of good faith and fair dealing." *Id.* "The duty violated arises not from the terms of the insurance contract but is a duty imposed by law, the violation of which is a tort." *Id.* "To establish a prima facie case of bad-faith refusal to pay an insurance claim, the plaintiff must establish that the insurer had no reasonable basis for disputing coverage, and that the insurer knew or recklessly disregarded the fact that there was no reasonable basis for disputing coverage." *Powers v. United Servs. Auto. Ass'n*, 962 P.2d 596, 603 (Nev. 1998), *opinion modified on denial of reh'g*, 979 P.2d 1286 (Nev. 1999).

Here, Peters argues that Steadfast and York acted in bad faith and violated their implied covenants of good faith and fair dealing by "repeatedly and continuously failing and refusing to pay to Plaintiff any sum of money due and owing to Plaintiff under the above-described policies of insurance." Compl., ECF No. 1-1 ¶ 44. Peters also alleges that despite defendants' knowledge of her medical bills exceeding the respective policy limits, they have refused to provide her reasonable payment for undisputed amounts, (*id.* at ¶ 25), that defendants owed her a duty to comply with their implied covenants of good faith and fair dealing (*id.* at ¶ 42) and that defendants owed her a duty to ensure they did not impair her right to receive benefits of the insurance policies (*id.* at ¶ 43). These allegations do not rise to a prima facie case. Peters has not alleged whether defendants had no reasonable basis for disputing coverage, or that defendants

knew or recklessly disregarded the fact that there was no reasonable basis for disputing coverage. Because Peters failed to adequately allege breach of the implied covenant of good faith and fair dealing, and the same defect applies to York, I sua sponte dismiss the claim against both York and Steadfast without prejudice. But because Peters may be able to cure this claim, I grant leave to amend.

D. Peters' claims against Roe defendants.

Peters asserts causes of action against "Does I through XX, inclusive; and Roe Business Entities I through XX." Compl., ECF No. 1-1. In the Ninth Circuit, a plaintiff is entitled to conduct discovery to attempt to identify Doe defendants, and a district court's dismissal of claims against named defendants does not alone support the dismissal of claims against Doe defendants. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).

Peters is cautioned that, if by the conclusion of discovery, she has not sought leave to substitute named defendants in the place of any Doe defendants or Roe business entities, she will be ordered to show cause as to why claims against these defendants should not be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

III. Conclusion

IT IS HEREBY ORDERED that defendants' motions to dismiss **[ECF Nos. 6, 8] are granted and all claims are dismissed without prejudice and with leave to amend**.

Should Peters seek to file an amended complaint, it shall be titled "First Amended Complaint," and it must submit it within 14 days of this order, and in compliance with LR 15-1 ("Unless the court orders otherwise, the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading."). Peters is cautioned that an amended complaint supersedes the original complaint and must be complete by itself without references to the preceding complaint.

Dated: March 27, 2024

_____
Cristina D. Silva
United States District Judge