UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Laura Peters,

        Plaintiff

 v.

York Risk Services Group, Inc., et al.,

        Defendants

Case No. 2:23-cv-01159-CDS-NJK

**Order Denying Motion to Strike and Granting Motion for Extension**

[ECF Nos. 29, 31]

      This is a contract action brought by plaintiff Laura Peters. Defendants York Risk Services Group, Inc. and Steadfast Insurance Company's move to strike Peters' first amended complaint (ECF No. 29) and Peters' countermotion to extend time to file an amended complaint by one-day under Federal Rule of Civil Procedure 6(b) (ECF No. 31). For the following reasons, I deny defendants' motion to strike and grant the motion to extend.

I.      Relevant background

      On March 27, 2024, I granted defendants' motion to dismiss the complaint without prejudice. Order, ECF No. 27. Therein, I gave Peters 14 days to file an amended complaint in compliance with LR 15-1, making the first amended complaint due on April 10, 2024. *Id.* at 6. Peters filed a first amended complaint (FAC) on April 11, 2024, 15 days after my order. FAC, ECF No. 28.

      Defendants argue that the FAC should be stricken because it was filed one day late, therefore it also violates the court's order and LR 15-1. ECF No. 29 at 3. Peters filed a response (ECF No. 30) and a countermotion seeking a one-day extension to file the FAC (ECF No. 31).

II.      Discussion

     A.  Untimely filing and countermotion

Defendants first argue that I should strike the FAC as untimely because it was filed one-day late. ECF No. 29 at 3. Peters responds that she inadvertently filed the complaint within 14 days of receiving service of the order (March 28) instead of filing within 14 days of the order being signed and filed (March 27), which made the filing of the FAC one-day late. ECF No. 31 at 2. Peters argues that this one-day delay is not an act of bad faith and is, at worst, a clerical error constituting excusable neglect. *Id*.

Fed. R. Civ. P. 6(b)(1)(B) states that a court "may, for good cause, extend the time . . . on a motion made after the time has expired if the party failed to act because of excusable neglect." Excusable neglect is an "elastic concept" that is determined by considering, among other things: "the danger of prejudice to the [party not under scrutiny], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). Rule 6 must be "liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010). At bottom, the excusable neglect inquiry is "an equitable one." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

I find there is excusable neglect here. The length of the delay was one-day which has no impact on judicial proceedings. *Cf. Ahanchian*, 624 F.3d at 1262 (three-day delay did not justify denying relief). Although the delay was within Peters' control, the delay is also supported by good faith: counsel inadvertently calendared 14 days from service rather than the date of the order. ECF No. 31 ("Plaintiff reasonably, albeit perhaps incorrectly, relied on the service date in calendaring the 14 days permitted by the Court in which to file her Amended Complaint."). And importantly here, defendants do not argue that granting an extension will prejudice them in any

way. *See* ECF No. 29. Because I find no bad faith here, as well as risk of prejudice to defendants, I decline to strike the FAC for being untimely. Accordingly, I grant Peters' request for a one-day extension to file the FAC.

### B. Failure to comply with court's order and violation of LR 15-1

Defendants argue that the FAC should be dismissed because Peters' untimely filing "disregarded the Court's order" to file within 14-days. ECF No. 29 at 3. As discussed, I find that there was good cause and excusable neglect for the late filing, so the motion is denied based on this argument. Defendants also argue that the FAC should be dismissed because Peters "failed to follow the Court's directive to comply with LR 15-1", and similarly, for violating LR 15-1. *Id*. at 3–4. Under LR 15-1, "the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading." Indeed, my order directed Peters to file an amended pleading in compliance with LR 15-1 ("Should Peters seek to file an amended complaint, it shall ... [comply] with LR 15-1.) Order, ECF No. 27 at 6. Peters failed to do so and did not explain why she failed to comply with LR 15-1. *See* ECF No. 30. While a violation of the local rules can sometimes lead to repercussions, I decline to strike the FAC for violating my order for failure to comply with LR 15-1 or for violating LR 15-1. *See* Fed. R. Civ. P. 1 (directing courts to construe and apply the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding"). Striking the FAC would contribute to unnecessary delay, necessitating Peters to file a LR 15-1 motion, then re-file the FAC upon the court's approval. This would unnecessarily extend defendants' deadline to answer the FAC. I do not find such additional delay to be in the interest of judicial economy, particularly because defendants aver that "the parties completed discovery which proved that the at-fault party, Swift Transportation, has sufficient liability insurance to cover all of Plaintiff's alleged damages." ECF No. 29 at 4. Therefore, defendants' motion to strike is denied.

III.     Conclusion

IT IS HEREBY ORDERED that Peters' motion to extend time **[ECF No. 31]** is GRANTED.

IT IS FURTHER ORDERED that defendants' motion to strike **[ECF No. 29] is denied**.

Dated: May 14, 2024

_____
Cristina D. Silva
United States District Judge